IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER BORNEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-187-R |
| | ) | |
| TIMOTHY ROZIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Bana Roberts entered January 7, 2010 [Doc. No. 43] and Plaintiff's Objection to the Report and Recommendation filed January 25, 2010 [Doc. No. 44]. The Magistrate Judge has recommended that Defendants' motion for summary judgment [Doc. No. 29] be granted on the grounds that Defendants Rozier and Maples are entitled to qualified immunity. Plaintiff's Objection to the Report and Recommendation consists of thirty-nine numbered paragraphs or statements which alternatively criticize the Magistrate Judge for, *inter alia*, selectively dissecting Plaintiff's Response to Defendants' Motion for Summary Judgment, inadequate sensitivity to a *pro se* litigant's inexperience and not giving Plaintiff an opportunity to file an affidavit or sworn declaration; give Plaintiff's version of the facts; and assert that statements made by Defendant Rozier and/or the Magistrate Judge are false.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has reviewed the Report and Recommendation *de novo* in light of Plaintiff's Objection. With respect to Plaintiff's excessive force claim, the Court concurs in the Magistrate Judge's findings and conclusions

that the amount of force used by Defendant Rozier was objectively reasonable; that no reasonable juror could view the video evidence and believe Plaintiff's allegations; and that Plaintiff has failed to establish that a constitutional violation occurred. Accordingly, as the Magistrate Judge properly concluded, Plaintiff's claim against Defendant Maples for failure to intervene to prevent the use of excessive force by Defendant Rozier is foreclosed. With respect to Plaintiff's claim that he was denied medical care or that there was an unconstitutional delay in Plaintiff's receipt of medical care, the Court agrees with the Magistrate Judge that even Plaintiff's own evidence shows that he was not denied medical care and that Plaintiff has failed to present evidence showing that Defendants were aware of facts from which they could infer that delay would cause a substantial risk of serious harm and that the delay of a few minutes before Plaintiff was treated did result in substantial harm.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 43] is ADOPTED in its entirety and the motion of Defendants Timothy Rozier and Captain Maples for summary judgment [Doc. No. 29] is GRANTED. Plaintiff's motion to strike certain exhibits [Doc. No. 40] is therefore DENIED as moot.

IT IS SO ORDERED this 2nd day of February, 2010.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE